IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

MARY MOORE, for herself                                                              PLAINTIFF
on behalf of the heirs and
wrongful death beneficiaries
of CLEVENT SIMMONS, deceased

V.                                                   CIVIL ACTION NO. 1:18-CV-158-SA-DAS

UNIVERSAL SECURITY INSTRUMENTS, INC.                                      DEFENDANT

ORDER

The Plaintiff filed her Complaint [2] on March 13, 2018, against Universal Security Instruments, Inc., in the Circuit Court of Holmes County, Mississippi. According to the venue allegations in her complaint, the Plaintiff is an adult resident of Holmes County, Mississippi, within the Southern District of Mississippi. The Defendant, Universal Securities Instruments, Inc. is a Maryland Corporation organized and doing business in the state of Mississippi, with its principle place of business in Owings Mills, Maryland. The Plaintiff's home, and where the events giving rise to this litigation took place, is in Holmes County, Mississippi, also within the Southern District.

On August 14, 2018, the Defendant, Universal Security Instruments, Inc., filed a Notice of Removal [1] from Holmes County Circuit Court to the United States District Court for the Southern District of Mississippi, Northern Division. However, the Notice of Removal [1] was erroneously filed in the United States District Court for the Northern District of Mississippi, Aberdeen Division.

The Defendant, Universal Security Instruments, Inc., now requests that this Court transfer this case to the Southern District of Mississippi, *see* [3]. Holmes County is in the Southern District, and the Court notes that Holmes County is more than 130 miles from the Northern District Courthouse in Aberdeen.

28 U.S.C. § 1404 (a) states "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."

> Several public and private interest factors are relevant to determining whether to grant a motion to change venue including: (1) "the relative ease of access to sources of proof"; (2) "the availability of compulsory process to secure the attendance of witnesses"; (3) "the cost of attendance for willing witnesses"; (4) "all other practical problems that make trial of a case easy, expeditious and inexpensive"; (5) "the administrative difficulties flowing from court congestion"; (6) "the local interest in having localized interest decided at home"; (7) "the familiarity of the forum with the law that will govern the case"; and (8) "the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law."

*In re Archer Directional Drilling Servs., L.L.C.*, 630 F. App'x 327, 328 (5th Cir. 2016) (quoting *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc)).

Because this case should have been brought in the Southern District, the motion is unopposed, and because a trial proceeding in the Southern District will be much more convenient for the parties and the witnesses, the Court finds that this case should be transferred to the Southern District of Mississippi. The Court also notes that virtually all of the *Volkswagen* factors militate in favor of transfer as well.

For all of these reasons, the Defendant's request to transfer this case to the Southern District of Mississippi [3] is GRANTED. The Clerk of Court is directed to TRANSFER this case to the Southern District of Mississippi for all further proceedings.

SO ORDERED, this 30th day of August, 2018.

    /s/ Sharion Aycock  
UNITED STATES DISTRICT JUDGE